**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

vs.

DARNELL REEVES,

     Defendant-Appellant.

No. 96-3419
(D.C. No. 93-CR-10036-01)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

Mr. Reeves, an inmate appearing pro se and in forma pauperis, seeks a

certificate of appealability so as to appeal from the denial of his 28 U.S.C. § 2255

motion to vacate, set aside or correct his sentence.  Mr. Reeves pled guilty to

distribution of cocaine base, 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2, and was

sentenced on November 8, 1993 to 365 months imprisonment and five years

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

supervised release. His conviction was affirmed on direct appeal where, <u>inter alia</u>, he contended that trial counsel was ineffective. <u>United States v. Reeves</u>, No. 93-3367, 46 F.3d 1152, 1995 WL 13164 (10th Cir. Jan. 5, 1995). In his present motion, Mr. Reeves contends that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not challenging the constitutionality of U.S.S.G. § 2D1.1. That section equates one gram of crack cocaine with 100 grams of powder cocaine. Relying upon Amendment 487 to the Sentencing Guidelines, Mr. Reeves also contends that the "cocaine base" in question was not proven to be crack cocaine, and therefore, the substance should have been treated as cocaine, resulting in a lesser sentence. <u>See</u> <u>United States v. Kissick</u>, 69 F.3d 1048, 1051-53 (10th Cir. 1995) (discussing effect of amendment), <u>cert. denied</u>, 117 S. Ct. 1008).

Mr. Reeves cannot prove that his appellate counsel's performance was deficient or that the claimed omissions prejudiced his defense. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). This circuit has rejected equal protection challenges to § 2D1.1. <u>See</u> <u>United States v. Williamson</u>, 53 F.3d 1500, 1530 (10th Cir.), <u>cert. denied</u>, 116 S. Ct. 218 (1995). Moreover, during the plea colloquy, Mr. Reeves admitted sending a package of 611 grams of "rock cocaine," which he acknowledged was "quite a bit of cocaine, quite a bit of crack." I R. doc. 59 at 4 (quoting plea tr.). That the substance in question was crack cocaine

is corroborated by the unquestioned account in the presentence report. <u>See</u> <u>Id.</u> doc. 61 at 2-3 (quoting presentence report).

Because Mr. Reeves has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his Application for a Certificate of Appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge